8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
2/1/2016 9:23:51 AM
BERNABE P. STRUCK
DISTRICT COURT CLERK
BLK

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHT JUDICIAL DISTRICT COURT

PAUL CALHOUN AND
BARBARA CALHOUN,

       Plaintiffs,

v.                        No.      D-820-CV-2016-00038

MID-CONTINTENT CAUSALTY COMPANY

       Defendant.

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, UNFAIR CLAIMS PRACTICES, AND UNFAIR TRADE PRACTICES

Plaintiffs, Paul and Barbara Calhoun, by and through their attorneys of record, Law Offices of David M. Houliston (David M. Houliston), and for their Complaint for Breach of Contract, Bad Faith, Unfair Claims Practices, and Unfair Trade Practices against Defendant Mid-Continent Casualty Company state as follows:

1. Plaintiffs, Paul and Barbara Calhoun are husband and wife ("Plaintiffs"), and at all times material hereto were residing in Taos, New Mexico.

2. Upon information and belief, at all times material hereto, Defendant Mid-Continent Casualty Company ("Mid-Continent") is a foreign corporation doing business throughout the State of New Mexico.

3. Jurisdiction and venue are proper in the District Court of Taos County, New Mexico pursuant to NMSA § 38-3-1(A) and (F) 1978.

1



## FACTS COMMON TO ALL CLAIMS

4. Plaintiffs re-allege all previous paragraphs of this Complaint, and incorporate the same as though fully set forth herein.

5. Plaintiffs filed suit in 2012 against La Mesa Homes, LLC ("La Mesa") and Bison Enterprises, LLC ("Bison") for damages arising from the construction of their home by La Mesa and Bison in Taos County, Eighth Judicial District Court, State of New Mexico, Cause No. D-820-CV-2014-00243 styled Paul Calhoun and Barbara Calhoun, Husband and Wife, Plaintiffs, vs. La Mesa Homes, LLC, a Texas limited liability company, Individually and doing business as Bison Enterprises, LLC, a New Mexico limited liability company et al. ("underlying case").

6. Prior to 2012, Plaintiffs entered into a contract for the construction of a residence located in Taos, New Mexico with La Mesa and Bison.

7. Plaintiffs' claims against La Mesa and Bison were for breach of contract, negligence, negligence per se, unjust enrichment, prima facie tort and bad faith.

8. Plaintiffs' claims included claims for damages for the resultant damages caused by La Mesa and Bison, as well as damages caused by the negligence of various subcontractors employed by La Mesa and Bison.

9. On information and belief, La Mesa and Bison made various demands for coverage, including defense and indemnity from Mid-Continent, which issued policy number 04-GL-000813121 ("the Policy") to La Mesa and Bison, for policy period 02/10/2011 to 02/10/2012.

10. Despite repeated demands for defense and indemnity from its Insureds La Mesa and Bison, Mid-Continent refused to provide a defense or indemnity for the claims alleged by Plaintiffs in the underlying case.

2

11. Most of the claims asserted by Plaintiffs in the underlying case, were covered by the Policy issued by Mid-Continent to La Mesa and Bison.

12. With Mid-Continent refusing to provide defense or indemnity, La Mesa and Bison were faced with serious claims for damages and costs and entered into a settlement with Plaintiffs whereby La Mesa and Bison assigned all it rights under the Policy to Plaintiffs ("the Assignment"). **Attached hereto as Exhibit "A".**

13. By virtue of the Assignment, Plaintiffs are entitled to bring the instant action against Mid-Continent and stands in the shoes of its Insureds: La Mesa and Bison. Plaintiffs are entitled to all damages arising from the wrongful refusal of Mid-Continent to defend or indemnify La Mesa and Bison for the claims of Plaintiffs in the underlying litigation.

14. During the course of the underlying litigation, La Mesa and Bison cooperated fully with the never ending demands of Mid-Continent for additional information, and were actually tasked with adjusting the claim for Mid-Continent.

15. Mid-Continent, at all times since the date of the loss, was under an obligation to do its own investigation and make a reasonable and prompt determination of the claim submitted by La Mesa and Bison. Mid-Continent failed to act reasonably and promptly under the circumstances, refusing to provide a defense or indemnify La Mesa and Bison for the claims of Plaintiffs.

16. The Policy purchased by La Mesa and Bison from Mid-Continent, was obtained specifically to address the type of losses incurred by Plaintiffs.

17. Defendant's refusal to deal fairly and honestly with La Mesa and Bison, coupled with its refusal to defend the claim in a timely manner, resulted in significant economic damage exposure to La Mesa and Bison.

18. On or about September 19th, 2015, the District Court entered Judgment against La Mesa and Bison for $817,727.03 plus costs and interest, in favor of Plaintiffs.

19. The judgment of September 19th, 2015, also awards post judgment interest at the statutory rate.

20. The failure of Mid-Continent to defend and indemnify La Mesa and Bison lead to the judgment in favor of Plaintiffs.

21. Mid-Continent's conduct was not justified or allowed under the terms and conditions of the Policy.

## COUNT I

## BREACH OF CONTRACT

22. Plaintiffs re-allege all previous paragraphs of this Complaint, and incorporate the same as though fully set forth herein.

23. When La Mesa and Bison purchased the Policy from Mid-Continent, they relied upon, and placed their trust in Defendant and its employees to act in good faith and in a reasonable manner in the event La Mesa or Bison ever filed a claim for coverage and benefits. The claim filed by La Mesa and Bison was exactly the type of loss La Mesa and Bison were assured would be covered under the Policy.

24. Mid-Continent, and its employees and agents, were in a fiduciary relationship with La Mesa and Bison and were under a duty to use the skill, care and knowledge of other claims representatives and underwriters, practicing as insurance claims representatives and underwriters, in evaluating and investigating claims made by its Insureds in a prompt and thorough manner.

25. The Policy requires Mid-Continent to honor its obligations under the subject Policy.

26. Mid-Continent, either intentionally, or in the alternative, negligently breached the insurance policy contractual provisions by failing to honor La Mesa's and Bison's requests for coverage under the Policy.

27. By virtue of the Assignment, Plaintiffs stand in the shoes of La Mesa and Bison, and are entitled to all damages suffered by La Mesa and Bison from the breach of contract by Mid-Continent. Plaintiffs are in privity with Mid-Continent as a result of the Assignment and are entitled to all rights and benefits under the Policy issued by Mid-Continent to La Mesa and Bison.

28. As a direct result, Plaintiffs suffered damages and will suffer damages in the future in a total amount not presently determinable, but to be proven at the time of trial.

## COUNT II

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiffs re-allege all previous paragraphs of this Complaint and incorporate the same as though fully set forth herein.

30. Implicit in the contract of insurance between La Mesa, Bison and Mid-Continent, was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with the La Mesa and Bison. At all times since filing the claim, La Mesa and Bison acted honestly and good faith in all their dealings with Mid-Continent.

31. Mid-Continent breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

a.  Failing and refusing to acknowledge that the Policy referenced above applies in this matter;

b.  Failing and refusing to promptly and fairly investigate, process, determine, and decide La Mesa and Bison's claims under the Policy referenced above.

c.  Denying and delaying coverage to La Mesa and Bison under the Policy referenced above; and

32. As a direct and proximate result of Mid-Continent's acts and omissions alleged herein, La Mesa, Bison and Plaintiffs suffered damages in an amount to be proven at trial.

33. Mid-Continent's acts and omissions alleged herein were in breach of the implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the La Mesa and Bison.

34. By virtue of the Assignment, Plaintiffs are entitled to all rights and benefits held by La Mesa and Bison as against Mid-Continent. Accordingly, Plaintiffs are entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Mid-Continent for its misconduct and to deter others from similar conduct in the future.

## COUNT II

### VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

35. Plaintiffs re-allege all previous paragraphs of this Complaint and incorporate the same as though fully set forth herein.

36. At all times material hereto, Mid-Continent engaged in the business of insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA § 59A-1-4, *et seq.*) and associated statutes, including in particular the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*).

37. Plaintiffs are members of the class of the general public for whose benefit the aforementioned statutes were enacted.

38. Mid-Continent, in committing the acts and omissions alleged herein, violated the statutory duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*), including but not limited to NMSA § 59A-16-20.

39. Plaintiffs have a right to maintain this action against Defendants, pursuant to the Assignment and NMSA § 59A-16-30, *et seq.*, which permits a private right of action by the Plaintiffs.

40. Mid-Continent violated the New Mexico Unfair Claims Practices Act in all, but not necessarily limited to, the following ways:

    a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

    b. Failing to adopt and implement reasonable standards for the prompt investigation and processing of Insureds' claims arising under policies;

    c. Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

    d. Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    e. Failing and refusing to mediate, resolve, and settle the subject claims.

41. Defendants' acts and omissions alleged herein, were committed by its employees, representatives, agents and/or designees, all of which acts and omissions were ratified or acquiesced to by Defendants.

42. As a direct and proximate result of Mid-Continent's acts and omissions alleged herein, the Plaintiffs suffered damages in an amount to be proven at trial.

43. Mid-Continent's acts and omissions alleged herein in violating the New Mexico Unfair Claims Practices Act were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiffs. Accordingly, Plaintiffs are entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendant for its misconduct and to deter others from similar conduct in the future.

44. Plaintiffs have been forced to retain the services of attorneys to enforce their rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, they are entitled to an award of attorney's fees and costs associated therewith.

## COUNT III

## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT

45. Plaintiffs re-allege all previous paragraphs of this Complaint and incorporate the same as though fully set forth herein.

46. At all times material hereto, Mid-Continent was authorized and licensed to sell insurance, and was engaged in "trade" or "commerce" as those terms are defined by the New Mexico Unfair Practices Act (NMSA § 57-12-2).

47. Mid-Continent committed "unfair or deceptive trade practice" as that term is defined in NMSA § 57-12-2 by, among other things, engaging in one or more of the following:

   a. Failing and refusing to acknowledge its obligations and duties under the above-referenced insurance Policy;

   b. Failing and refusing to promptly and fairly investigate and process and determine and decide the claims under the Policy referenced above;

8

  c. Engaging in repeated efforts to unreasonably delay and obstruct the prompt and fair investigation and processing of claims under the Policy referenced above;

  d. Failing and refusing to mediate, resolve, and settle the subject claims;

  e. Representing that the insurance Policy referenced above had benefits or qualities that it did not have;

  f. Representing that the subject insurance Policy was of a particular standard or quality, when it was not; and

  g. Failing to deliver the quality or quantity of insurance coverage contracted for.

48. Mid-Continent, in connection with the sale of the above-referenced Policy of insurance to La Mesa and Bison, knowingly represented that the services being sold were of a particular standard, quality or grade.

49. Mid-Continent failed to perform in a manner consistent with its representations and contractual obligations, and as a consequence has violated the New Mexico Unfair Trade Practices Act, §57-12-2(D)(7).

50. In committing these same acts and omissions, Defendant further committed "unconscionable trade practice" as that term is defined in NMSA §57-12-2.

51. As a direct and proximate result of the acts and omissions alleged herein of Defendant, Plaintiffs suffered damages in an amount to be proven at trial.

52. The acts and omissions of Defendant alleged herein in violating the New Mexico Unfair Practices Act, were done intentionally, willfully, wantonly, maliciously, and/or with reckless disregard for the rights of La Mesa, Bison, and Plaintiffs. By virtue of the Assignment,

Plaintiffs stand in the shoes of La Mesa and are entitled to bring this action for all damages and remedies afforded La Mesa and Bison as against Mid-Continent.

53. As such, Plaintiffs are entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Defendant for its misconduct and to deter others from similar conduct in the future.

54. Mid-Continent willfully engaged in the "unfair and deceptive trade practice." As such, Plaintiffs are entitled to recover additional damages pursuant to NMSA §57-12-10 in an amount up to three times its actual damages.

55. Plaintiffs are forced to retain the services of attorneys to enforce their rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays this Court for judgment against the Defendant Mid-Continent Casualty Company for:

1. All compensatory damages;
2. Punitive damages;
3. Treble damages as allowed under New Mexico law;
4. Pre and post-judgment interest;
5. Attorney fees and costs; and
6. All other relief that the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
DAVID M. HOULISTON
*Attorneys for Plaintiffs*
500 Tijeras NW
Albuquerque, NM 87102
Phone: 505 247-1223
Fax: 505 214-5204

## ASSIGNMENT OF RIGHTS BY LA MESA HOMES, LLC AND BISON ENTERPRISES, LLC TO PAUL CALHOUN AND BARBARA CALHOUN

On this 15th day of October, 2015 La Mesa Homes, LLC and Bison Enterprises, LLC ("Assignor") hereby agrees to Assign all its rights under all insurance policies purchased by Assignor, either separately or jointly, from and issued by Mid- Continent Casualty Company (Mid-Continent") to Paul Calhoun and Barbara Calhoun ("Assignee") and in accordance with the foregoing, Assignor and Assignee hereby agree to the following:

1. On or about October 1, 2009 Assignor and Assignee entered into a contract for construction of a residence located at 1219 Powder Puff Trail, Red River, New Mexico ("Construction Contract").

2. In accordance with the Construction Contract, Assignor purchased an insurance policy from Mid-Continent with the policy number 04-GL-000813121 (the "Policy") for certain insurance coverages for claims made against Assignor arising out of the work, labor and other services provided by Assignor under the Construction Contract.

3. After Assignor began to perform under the Construction Contract, Assignee filed a claim for damages against Assignee arising out of the work, labor and services performed by Assignor under the Construction Contract.

4. Assignee filed suit against Assignor in a case filed in the Eighth Judicial District Court of Taos County, State of New Mexico, Cause No. D-820-CV-2014-00243, styled, *Paul Calhoun and Barbara Calhoun, Husband and Wife, Plaintiffs, vs. La Mesa Homes, LLC, a Texas limited liability company, Individually and doing business as Bison Enterprises, LLC, a New Mexico limited liability company et al.*(the "lawsuit")

{9415.1/JDK/06444592.1}

EXHIBIT A

5. A bench trial was conducted in the lawsuit on September 14, 2015 before the honorable Sarah C. Backus.

6. On September 14, 2015 Judgment was entered in favor of Assignee and against Assignor in the total amount of $815,727.03 (hereinafter the "Judgment"). A copy of said Judgment is attached hereto as Exhibit "A" and made a part hereof.

7. For good and valuable consideration paid by Assignee, Assignor hereby assigns to Assignee all Assignor's rights, title and interest under any and all polices of insurance issued by Mid-Continent Casualty Company, to include but not limited to the Policy identified herein.

8. In exchange for said assignment by Assignor, Assignee hereby waives any and all rights to pursue collection of the Judgment against Assignor, its members, officers, employees and agents.

_____
PAUL CALHOUN
Date: 10-15-2015

_____
BARBARA CALHOUN
Date: 10/15/2015

Agreed as to Form, Content and Confidentiality:

CALVERT MENICUCCI, P.C.

_____
SEAN R. CALVERT

{9415.1/DOC/06444592.1}

_____
La Mesa Homes, LLC
Bison Enterprises, LLC
By: Howard Wells, its member
Date: 10/2/15

Agreed as to Form, Content and Confidentiality:

GORDON DAVIS JOHNSON & SHANE, P.C.

_____
JOHN M. DICKEY

{9415.1/JDIC/06444592 1}